Good morning, your honors. The issue in this matter is basically one issue, whether the past persecution rise to the level of persecution or not. The indication judge, in his decision, while the harms were serious, they were just minor detentions. The BIA finished their decision in just one sentence, that the mistreatment that the respondent was subject to in India was not sufficiently severe to amount of persecution. And citing the case of GMTU, was he holder of 632 F3 820 A22. However, petitioner has not claimed that he suffered past persecution per se. As a result of physical harm, he suffered while in police detention. Rather, petitioner claimed that he suffered persecution because he suffered repeated attacks and unlawful period of believed petitioner was affiliated with an opposition political party. The beating and unlawful detention, petitioner suffered was sufficiently designed specifically to cause type of pain, suffering and humiliation which meets the legal standards of persecution. Persecution is not defined in INA, but BIA and circuit courts have defined past persecution in a sense that threat to life or freedom of or the infliction of suffering of harm upon those who differ in any way regarded as an offensive. May I ask you this, if the error was in not recognizing past persecution, that at most would give rise to a presumption of a risk of future persecution. Why are the findings as to the risk of future persecution not enough to overcome any presumption that would have been created by recognition of the past persecution? Because your honor, if there was a finding of past persecution, then the burden shifts to DHS to revert the presumption that there is no future persecution. But since the judge added in the ruling that there is no past persecution, the presumption never shifts to the DHS and there's nothing nothing in the record to show that they have overcome that presumption that he can relocate the petitioner can relocate to another part of India and that there is no future persecution. Since the judge added and BIA also added in their decision that there is no past persecution, where it clearly shows based on the beating that he suffered in the police custody and the motive of the police, it clearly rises to the level of persecution. So is it your position that as I was named in India and has not been subject to evidence in the record of additional actions against him? So is that irrelevant? Because once we determine that the BIA aired in its past persecution finding, the presumption hasn't been rebutted, so it needs to go back? Yeah, that is correct, your honor. Because once the past persecution has been established, then comes the presumption of future persecution, the statutory presumption of the future persecution, and there's nothing in the record. Both judges, I mean, in his decision, he mentioned why the harms are serious, but they are just mere presumptions, just only one line. That's it. There's nothing more than that in the decision. What was the analysis of the judge, immigration judge, why there is no past persecution? And the same thing in the BIA. BIA finished the analysis of just one sentence. There's nothing more there to explain why there's no past persecution. If there would have been past persecution, then there's a statutory presumption of future persecution, and the BIA would have to rebut that presumption, which never came to their existence because both BIA and IG aired in their analysis of past persecution. He, of course, denied that he was a member of the SADA, correct? Yes, your honor, that is correct. Yeah, and so given the passage of time, given that he denies being a member, what is the basis for arguing that he's likely to be persecuted for being a member of the SADA if he is sent back? Well, your honor, this is, even though he's not a member of any party, I mean, this is an imputed political claim opinion where you don't have to be a member of a political party. I understand that, but what's the basis for believing that the police will think that he is indeed a member? Well, because, you know, he was attending rallies and, you know, going for all political activities with his father. That's why the imputing of political claim came in, and because... Isn't it relevant, then, that his father has been unharmed in the subsequent years? And we're talking about two incidents serious in 2012, and nothing since then. And given that he's not, doesn't affirm that he's a member of a political party, and that nothing else Then he has a fear of persecution in return. Well, that comes when, you know, we discuss about the possible persecution in the future. But first we have to establish the past persecution. Nothing happened to the father, that comes in the second prong. What are the possibilities of future persecution if he goes back to India? But that comes once we pass the first prong, which is the past persecution. And BIA and IJ, they're both added in the past persecution. Then there would have been more argument and testimony if judges would have said that there's a past persecution. Now we can move to the second prong of future persecution, or reasonable fear of future persecution. And then judges would have to revert that presumption. There's no testimony in the record, there's no document in the record that shows that they have reverted that presumption. Only judge says that since there's no past persecution, it does not go to the level of past persecution. That's why we're not discussing the future. What is the basis for contending that the record would have been expanded and different if the IJ had recognized the existence of past persecution? What's the basis for saying that there would be more evidence? Isn't the record closed by which one evaluates both past and future persecution? If judges would have found that there's a past persecution, then we can cite so many things from the record, which is the country conditions report, that the police, even the corrupt there, and even though the respondent would go back to India, they can be traced. And that's a part of the record in the country conditions, from the country conditions and news articles. So if there was a past persecution, all these things would have come into play and there would have been a different opinion from the BIA. But since the immigration judge found that there's no past persecution, all those things that, you know, the country conditions report, the news articles report, and that the police is corrupt, they did not come into the play. We hear from your adversary. Thank you. Good morning, your honors. Sharice Pratt for the respondent, William P. Barr. May it please the court. Under this court's precedent, this court has never found that the facts described in this case amount to past persecution, where Mr. Singh was arrested, detained and beaten and released the same day, with minor injuries that did not require a doctor's care, that were treated with ointment, and then 13 days later, in a separate incident, was arrested, detained, beaten and released after the second day. Was he hospitalized for two days the second time? Yes, he did seek medical treatment and the hospital released him on the second day with anti-inflammatories. Two days in detention and then two days hospitalization seems pretty serious to me. Not when you look at the cases like Bhabha and Edimo Dwella and Madar Abbas. No, this is not the extreme persecution or the extreme harm that amounted to persecution that occurred in those cases. Here there were no broken bones, there was no surgery, he was treated with ointment and bandages and anti-inflammatories. It happened twice though, when there were bruising, contusions, he was hit by fists, dicks and feet. Two completely separate incidents. As an overall assembly of facts, why isn't that enough to establish past persecution, particularly since I take it that it's not disputed what the animus or what the motivation was for the attack. So there are two completely separate incidents. The first arrest occurred after his father lied about housing Sada terrorists and apparently the police conducted an investigation because they came to him in November, questioned the father the very next day after the terrorists were in the house. The father lied about it. Then they were not arrested until January 2nd, 2012. So that was like two months later. And then 13 days later... Was that arrest because they had Sada supporters in the house? That arrest was... They were accused of supporting the Sada people. I guess... Why isn't that a connection to the second arrest when he was arrested at a demonstration involving the SADA? Yes. So the second arrest occurred 13 days later when he attended a rally to oppose police brutality and then he was arrested with a group of Sada supporters. And in between, during those 13 days, no further harm. He checked in with the police every day. Nothing happened to him until a separate incident. But the point is, is it a separate incident or is it related to the belief that he was a member of Sada? Well, yes. It was a belief that... Well, the agency didn't actually find that. They just looked at the harm and they said that the harm did not amount to persecution. One of my concerns is that as your colleague on the other side points out there isn't very much analysis here. There's one sentence, maybe two sentences and the immigration judge says while the harms are serious they do not rise to the level of persecution and then that's it. Would it be wrong to have the agency flesh this out some? Given the facts and given that he was found to be credible? Yes, it would be futile because the agency actually did flesh out the facts. If you look on page 39 of the decision the immigration judge did summarize all of the facts and the testimony. So then later on, on page 42 of the decision the immigration judge didn't repeat it all. They just went with their analysis. Based on these facts as outlined on pages 39 to 40 there was no past persecution. And that is supported by the cases if you look at Bhabha, Edimo Duago, Madar Abbas his injuries are not severe they are not the extreme injuries that are required to find persecution. But do we need more analysis of whether these two events each looked at in isolation maybe the IJ reasonably determined not enough but if they are connected and part of the pattern directed at this individual there's not a real analysis of that. Do we really have enough to make a determination? Yes, we do. Because they did say there were two arrests three days detention so they looked at all of that they looked at the injuries they looked at the hospital record he wasn't starved no allegations that he was starved they looked at the father's letters they looked at any evidence of future harm and they just determined that the harm did not arise to persecution. How does the evidence of future harm or lack of evidence of future harm relate to deciding whether there's been past harm? You just said they looked at the evidence of future harm so can you explain the relevance of that? They also looked at the fact that they separately looked at past persecution whether he had a well-founded fear of future persecution looking at the events that occurred in 2012 that the father had also been arrested had also been threatened with murder because that's what Mr. Singh said he fears that they will murder us if he didn't keep reporting no further harm came to his family his father, his mother and then the incident happened so long ago in 2012 that they found that no risk of future persecution Suppose the IJ had found past persecution would the record as it relates to the basis on which to infer future persecution would not be any different than it is now? I don't believe it would be because if there had been a rebuttable presumption then the agency would have been required to show either changed country conditions or that he could relocate and the agency you can kind of infer that when the agency says that looking at the evidence that no harm, the harm he feared never arose to his family who remained, who were similarly situated  then you can infer that the circumstances that he fears are not going to happen and then under the CAT analysis they did look at his ability to relocate he did testify that he could move with the uncle who he had stayed with for 5 to 7 days previously and again after his second arrest he said that he didn't check in and he did not leave India until February 4, 2012 and he was not harmed Can we really rely I mean you suggest that we can look at the BIA's finding regarding internal relocation as to the asylum claim but again if we decide that the agency either did not explain or erred in some way in its finding about past persecution don't the presumptions shift so that the internal relocation claim finding as to the CAT claim wouldn't be applicable to asylum Right, the presumptions do shift but again, they're two prongs it's either changed circumstances or ability to relocate and the agency has shown that the harm he fears the bottom line he fears that they will murder us if I don't check in never happened So Mr. Singh weighed the other issues and unless the court has further questions we would argue that the petition for review should be denied because the record does not compel a reverse Thank you Mr. Bratado Yes, Your Honor Thank you, Your Honor When a respondent was released from the custody as my colleague suggested he was released from the custody after bribing the police officer and persecution past persecution like I said before, it's not defined even a single mere threat which is so menacing and threatening to the life is sufficient for the past persecution and the record the law is very clear on that here we have multiple attacks on him by the law enforcement who took him to the prison detained him there for days, for hours beat him there to the level that he has to be hospitalized I think that's only that is enough to prove that there should be past persecution So both IJ and BIA add in their analysis that there is no past persecution Thank you, Your Honor Thank you both and we'll take the matter under advice